UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
03-10357-NG

UNITED STATES OF AMERICA

v.

WILLIAM CABAN

**INITIAL SCHEDULING ORDER**

December 2, 2003

DEIN, M.J.

The above named defendant having been arraigned before this court on Tuesday, December 2, 2003, and having elected to proceed under the automatic discovery rules, IT IS HEREBY ORDERED in accordance with Local Rules (LR) 116.1 through 116.5 that:

A. Any discovery request letters shall be sent and filed by Tuesday, January 13, 2004. See LR 116.3(A) and (H).

B. Any responses to discovery request letters shall be sent and filed within fourteen (14) days of receipt of the discovery request letter(s) referred to in Paragraph A immediately above, or on or before Tuesday, January 27, 2004, **whichever date shall first occur**. See LR 116.3(A).

C. Any and all discovery motions shall, consistent with the provisions of LR 116.3(E) through 116.3(H), be filed on or before 14 days after receipt of the opposing party's declination to provide the requested discovery, **or** 14 days after the opposing party has received the discovery request letter and has

failed to respond thereto, **whichever date shall first occur**. See LR 116.3(E) and (H).

D.   Response(s) to any motions shall be filed on or before fourteen (14) days after motions have been filed consistent with the provisions of Paragraph C immediately above. See LR 116.3(I).

E.   In the event that a defendant notifies the attorney for the government that the defendant intends to offer a plea of guilty, the attorney for the government shall forthwith notify this court of that fact by writing indicating the date that that notification was made to the attorney for the government.

F.   **An initial status conference in accordance with LR 116.5 will be held on Tuesday, January 13, 2004, at 10:00 a.m. in Courtroom No. 15 on the Fifth Floor**.[1]

G.   **A joint memorandum addressing those items set forth in Local Rule 116.5(A)(1) through Local Rule 116.5(A)(7) shall be filed on or before the close of business, Thursday, January 8, 2004**.

                             / s / Judith Gail Dein
                             UNITED STATES MAGISTRATE JUDGE

---

[1]   Defendants are not required to be present at the Initial Status Conference. Inasmuch as this court concludes that the Initial Status Conference is not a critical proceeding within the meaning of Rule 43, F.R. Crim. P., defendants in custody will **not** be transported to court for the Initial Status Conference absent a showing of exceptional cause on motion duly filed in advance of the Initial Status Conference. See 43(c)(3), F.R. Crim. P.